J-A31005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ARTEE LINARD MAURICE GAUSE | |
| Appellant | No. 151 MDA 2015 |

Appeal from the Judgment of Sentence December 2, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0008850-2013

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

DISSENTING MEMORANDUM BY LAZARUS, J.:        **FILED MAY 05, 2016**

I respectfully dissent.  The trial court acknowledges in its Rule 1925(b) opinion that there was error in admitting Officer Eiker's opinion as to whether body tremors and eyelid tremors are indicative of marijuana usage, and that it was error when it changed its pretrial ruling that precluded that opinion during trial.  However, the trial court opines, and the majority agrees, that this was harmless error.  I disagree.  This was the only evidence pertaining to marijuana.  Without it, there is nothing to support the conviction of DUI-Controlled Substance, and therefore it was not harmless error.  Further, the evidence, even viewed in the light most favorable to the

_____

[*] Retired Senior Judge assigned to the Superior Court.

Commonwealth as verdict winner, did not support a conviction of DUI-General Impairment.

Officer Eiker pulled Appellant's vehicle over because its taillights were not illuminated. She testified that before activating her lights she observed Appellant properly signal and turn, and that he was stopped appropriately at the line at a stop light. Officer Eiker also testified that when she activated her lights, Appellant properly signaled and pulled over immediately to the curb. He handed over his license, registration and proof of insurance without difficulty. N.T. Jury Trial, 10/9/14, at 65-68. Officer Eiker stated that she smelled alcohol and, when questioned, Appellant stated he had had a 12-ounce Coors Light beer at a friend's about 25 minutes earlier. *Id.* at 67.

Officer Eiker acknowledged that the odor of alcohol alone does not indicate impairment, and she stated that she did not smell marijuana or see any controlled substance in plain view. *Id*. at 88-89. There was no testimony that Appellant's eyes were bloodshot.

Officer Eiker testified at length as to her observations of Appellant's eye tremors, and to her opinion that eye tremors, or eyelid twitching, is an indication of marijuana use.[1] She also testified that she administered field

_____

[1] Officer Eiker did acknowledge on cross-examination that other things can cause eye tremors. N.T., *supra*, at 105. According to the Mayo Clinic, eye tremors, or eye twitches, are also an indication of stress, bright light,
*(Footnote Continued Next Page)*

- 2 -

sobriety tests, that before beginning the tests she asked Appellant if he suffered from any medical conditions and he replied that ten years ago he had been shot in his right ankle. Officer Eiker acknowledged that in training she had been taught that people with leg injuries may not perform well on field sobriety tests. *Id*. at 91. Appellant failed the walk and turn test, and he passed the one-leg stand test. In the third test, the Romberg balance test, Appellant had to close his eyes and estimate when 30 seconds had passed. He estimated at the 12-second point. *Id.* at 73.

Officer Eiker stated that Appellant's speech was not slurred and that he answered her questions appropriately and correctly. *Id.* at 89-90. As far as the "vehicle in motion" and "personal contact" phases, two of the three phases for determining general impairment, she did not notice any signs of impairment. *Id*. 89-90. The final phase, the field sobriety tests, were, as stated, problematic; however, Officer Eiker also recognized on cross-examination that none of Appellant's "body tremors" or "eye tremors" were visible on the dash camera footage from her patrol vehicle. *Id*. at 107. She also testified that Appellant agreed to take a drug evaluation recognition test.

*(Footnote Continued)* ─────────

caffeine excess, fatigue, irritation of the eye surface or inner eyelids, physical exertion, smoking, wind and alcohol use, as well various medical conditions including dry eyes, glaucoma, blepharitis, corneal abrasion, and Tourette's syndrome. ***See*** http://www.mayoclinic.org/symptoms/eye-twitching/basics/causes/sym-20050838

Officer Eiker transported Appellant to the courthouse for the drug evaluation recognition test, which was performed by Officer Scott George. Officer George administered the Romberg balance test; this time Appellant estimated the passage of 30 seconds at the 19-second point. *Id*. at 116-117. He also administered the walk and turn test and the one-leg stand test. Appellant passed the one-leg stand test, but stepped off the imaginary line in the walk and turn test. Officer George acknowledged that Appellant's leg injury could affect his ability to perform the walk and turn test and the one-leg stand test, and thus affect the reliability of those tests. *Id.* at 131-32.

After reviewing the evidence, and viewing it in the light most favorable to the Commonwealth, I do not find that the Commonwealth proved beyond a reasonable doubt that Appellant, at the time he was driving, was "incapable of safely doing so due to the consumption of alcohol." 75 Pa.C.S.A. § 3802(a)(1). *Cf. Commonwealth v. Eichler,* 2016 PA Super. 21 (filed February 2, 2016) (evidence sufficient to support conviction for DUI-general impairment where eyewitness observed black pickup truck driving erratically, swerving off road, and violently striking an object, and approximately an hour after accident, police officer observed black pickup truck in defendant's driveway, defendant staggered towards officer with strong odor of alcohol and bloodshot eyes, defendant stated he had been drinking, defendant's truck was damaged, and accident reconstruction

expert testified that a sober, attentive driver would have been able to slow and avoid object); ***Commonwealth v. Segida,*** 985 A.2d at 880 (circumstantial evidence sufficient to establish guilt for DUI-general impairment where defendant admitted to police officer at scene of one-vehicle accident that he had been drinking at local club and was driving when he lost control of his vehicle, officer smelled strong odor of alcohol coming from defendant's person and his breath, defendant performed very badly on field sobriety tests, blood alcohol test at hospital revealed very high blood alcohol content of 0.326 percent, and officer opined that "due to traffic on the road" it was "doubtful" that accident had occurred two or three hours or even ten minutes prior to his arrival on the scene); ***Commonwealth v. Teems,*** 74 A.3d 142, 146 (Pa. Super. 2013) (evidence of guilt sufficient under section 3802(a)(1) where officer responding to call reporting disabled vehicle observed defendant sitting in driver's seat of vehicle, in lane of traffic, depressing brakes, car had lost its tires, defendant could not recall if he struck anything or when or where accident might have occurred, officer noticed strong odor of alcohol from defendant, defendant had red, glassy eyes and slurred speech, defendant failed to blow properly into portable alcohol breath test machine, and blood test at hospital revealed that he had BAC of .143).

Further, in **Commonwealth v. Etchison**, 916 A.2d 1169 (Pa. Super. 2007), this Court recognized the need for expert testimony in marijuana cases. There, we stated:

> Although Dr. Winek testified that Appellant's blood tested positive for cannabinoids at a rate of 53 nanograms per milliliter, N.T. Trial, 7/7/05, at 12, Dr. Winek never offered an expert opinion that Appellant was under the influence of marijuana at the time he drove, let alone that he was under the influence to a degree that impaired his ability to safely drive, as the statute requires. As such, the Commonwealth essentially relies, to sustain its conviction under subsection (d)(2), and presumably under subsection (d)(3) as well, upon the factfinder's leap to conclusion from the presence of marijuana metabolites that Appellant was under the influence of marijuana at the time he drove.

*Id*. at 1175. There, we held that the evidence failed to establish that defendant was under the influence of a drug or combination of drugs to a degree which impaired his ability to safely operate his vehicle.

In **Commonwealth v. DiPanfilo**, 993 A.2d 1262 (Pa. Super. 2010), this Court noted that not every marijuana/section 3802(d)(2) case requires expert testimony. The **DiPanfilo** Court explained:

> [I]f a police officer stopped a driver who was driving erratically, and the driver then rolled down his window and greeted the officer through a cloud of marijuana smoke, showing the typical signs of heavy marijuana use, it would be difficult to imagine that expert testimony would be necessary to establish the link between the erratic driving and the driver's marijuana use.

*Id*. at 1267, n.5.

In the case before us, there was no expert testimony or blood testing for cannabinoids, no erratic driving, no cloud of marijuana smoke or odor of

marijuana, no bloodshot eyes or "typical signs" of marijuana use. *Id*. Before us is merely testimony of eye tremors and references to body tremors. Other than the officers' statements that eye tremors may indicate marijuana use, there was no evidence linking eye tremors to marijuana use, let alone evidence that Appellant was under the influence of marijuana at the time he drove, or that he was under the influence to a degree that impaired his ability to safely drive, as the statute requires. 75 Pa.C.S.A. § 3802(d)(2). Here, like in **Etchison**, the Commonwealth relies, to sustain its conviction under subsection (d)(2), upon the factfiner's leap to the conclusion, from the presence of eye tremors, that Appellant was under the influence of marijuana at the time he drove. The evidence, viewed in the light most favorable to the Commonwealth as verdict winner, was insufficient to support a conviction of DUI-Controlled Substance under 75 Pa.C.S.A. § 3802(d)(2).

I would vacate Appellant's convictions and discharge him.